Walter Crane v. John Sumner and others; Walter Crane v. James Craig and others; Walter Crane v. Henry Gerloff and others; and Walter Crane v. John F. E. Knochs and others.

*Practice: Noticing for hearing: Plea in bar to writ after notice for hearing: New issue: Striking from docket.* A case on error may be properly noticed for hearing under supreme court rule 21, on the same day that the assignment of errors is filed, and if no new issue is raised as provided for by rule 13, the case will be properly on the docket; but where after the notice a new issue is raised by plea in bar to the, writ, this new issue must also be noticed for hearing; and where it has not been, a motion to strike from the docket must prevail.

*Heard and decided January 19.*

Error to Wayne circuit.

These cases all stood in the same position. They were noticed for hearing by the plaintiff in error, on the same day that the assignment of errors was filed. Afterwards, and within the time prescribed by supreme court rule 13, defendants in error pleaded in bar to the writ, and to this plea the plaintiff in error interposed a demurrer. No new notice of hearing was given after this new issue was joined.

*D. B. & H. M. Duffield,* and *Theodore Romeyn,* for defendants in error, moved to strike from the docket.

*William P. Wells* and *S. T. Douglass,* for plaintiff in error, insisted the notice was in accordance with supreme court rule 21, and the case properly on the docket; and that there was no impropriety in permitting such cases to remain on the docket, even though a plea in bar to the writ had been interposed since the notice, and if reached before the issue on the plea is joined, to postpone the hearing until the whole case is in shape for hearing.

THE COURT held that the notice of hearing was proper under rule 21, and if no new issue had been raised as pro-

vided for by rule 13, the cases would be properly on the docket; but that where after the notice a new issue is raised by plea in bar to the writ, this new issue must also be noticed for hearing before it can be brought on to be heard; that a piecemeal submission of causes is not to be favored; and that the course of practice suggested by the counsel for plaintiff in error would lead to such confusion and uncertainty as to the real state of the term docket as would be embarrassing and objectionable.

Motion granted.